# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SCHINKEL, | Case No. 1:16-cv-00818-DAD-JLT (PC) |
| Plaintiff, | **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS BARRED BY *HECK V. HUMPHRY*, 512 U.S. 477 (1994) and *EDWARDS v. BALISOK*, 520 U.S. 641 (1997).** |
| v. | |
| SULLIVAN, | |
| Defendant. | **(Doc. 1)** |
| | **30-DAY DEADLINE** |

Plaintiff alleges that Supervising Cook Sullivan refused to unlock the bathroom for him during his shift which forced him to defecate in a mop bucket. Plaintiff was found guilty on a resulting Rules Violation Report ("RVR") which caused him to lose his prison job and 30 days of good time work credits. (Doc. 1.)

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512

1 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or
2 sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488. This
3 "favorable termination" requirement has been extended to actions under § 1983 that, if successful,
4 would imply the invalidity of prison administrative decisions which result in a forfeiture of good-
5 time credits. *Edwards v. Balisok*, 520 U.S. 641, 643–647 (1997).

   The complaint does not contain any allegations to show that Plaintiff's finding of guilt
under the RVR has been reversed, expunged, declared invalid, or called into question by a writ of
habeas corpus nor does it demonstrate that the lost credit for custodial time has been restored.

   Accordingly, the Court **ORDERS** that within **30 days** from the date of service of this
order, Plaintiff shall show cause in writing why this action should not be dismissed as barred by
*Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641, 643–647 (1997).
**Failure to respond to this order will result in dismissal of this action, without prejudice.**

IT IS SO ORDERED.

   Dated:   **November 16, 2016**                **/s/ Jennifer L. Thurston**
                                                 UNITED STATES MAGISTRATE JUDGE

2