1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY SCHINKEL, | **Case No.  1:16-cv-00818-AWI-JLT (PC)** |
| Plaintiff, | **ORDER DISCHARGING ORDER TO SHOW CAUSE**<br>**(Docs. 1, 8, 9)** |
| v. | |
| SULLIVAN, | **FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT LEAVE TO AMEND**<br>**(Doc. 1)** |
| Defendant. | |
| | **21-DAY DEADLINE** |

Plaintiff seeks to proceed on claims under the Eighth Amendment for an incident in May 2015 when Correctional Cook Sullivan refused to unlock the door to the restroom which forced Plaintiff to defecate in a mop bucket.  Plaintiff fails and is unable to state any cognizable claims on this incident which requires dismissal of this action.

### A.     Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  If an action is dismissed on one of these three basis, a strike is imposed

1   per 28 U.S.C. § 1915(g).  An inmate who has had three or more prior actions or appeals dismissed

2   as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has

3   not alleged imminent danger of serious physical injury does not qualify to proceed *in forma*

4   *pauperis*.  *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

5          **B.      Summary of Plaintiff's Complaint**

6          Plaintiff alleges that on May 2, 2015, while performing his job duties at Pleasant Valley

7   State Prison, he informed Correctional Cook Sullivan that he needed to use the restroom.  She

8   refused to unlock it and told him to return to work.  Plaintiff complied, but shortly thereafter

9   began to experience lower abdominal pain and so again requested to use the restroom.  This time,

10  Cook Sullivan ordered him to return to work, which Plaintiff did with great reluctance and

11  increasing discomfort.  He continued to attempt to hold his bowel movement until increasing pain

12  and desperation caused him to defecate in a mop bucket, much to his discomfort and

13  embarrassment.  Thereafter, Cook Sullivan issued Plaintiff a rules violation report for defecating

14  in the mop bucket.[1]  Plaintiff also alleges that prison personnel at PVSP ignore violations of

15  inmate rights and that the Appeals Coordinator's Office ignores their complaints of violations and

16  frivolously screens out inmate grievances, changes them, delays them, and/or completely ignores

17  them.

18         Plaintiff names Cook Sullivan and PVSP as the only Defendants in this action and seeks

19  monetary damages as well as removal of Cook Sullivan from her position supervising inmates.[2]

20  For the reasons discussed in detail below, Plaintiff has not stated any cognizable claims and his

21  allegations are not amendable to correction.  Thus, leave to amend need not be extended and this

22  action should be dismissed with prejudice.

23         **C.      Pleading Requirements**

24                  **1.  Federal Rule of Civil Procedure 8(a)**

25  _____

26  [1] The Court ordered Plaintiff to show cause why this action is not barred by *Heck v. Humphry*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997).  (Doc. 8.)  The OSC is **DISCHARGED** as Plaintiff responded by providing a copy of the Modification Order which dismissed the RVR from his C-File.  (Doc. 9.)

27  [2] Plaintiff also requested that the RVR be reversed, but this request was rendered moot by the modification order

28  Plaintiff recently filed.  (*See* Doc. 9, p. 3.)

2

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  Factual allegations are accepted as true, but legal conclusions are not.  *Iqbal*. at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## 2. Linkage Requirement

The Civil Rights Act requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. 42 U.S.C.

1   § 1983; *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423

2   U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation

3   of a constitutional right, within the meaning of section 1983, if he does an affirmative act,

4   participates in another's affirmative acts or omits to perform an act which he is legally required to

5   do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743

6   (9th Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each

7   named defendant with some affirmative act or omission that demonstrates a violation of

8   Plaintiff's federal rights.

9         Other than his specific allegations against Cook Sullivan, Plaintiff generally complains

10   that PVSP personnel ignore violations of inmates' rights, which is too amorphous to put any other

11   state actors on notice of Plaintiff's claims against him or her.  *See Austin v. Terhune*, 367 F.3d

12   1167, 1171 (9th Cir. 2004).  Such allegations are also too conclusory to be facially plausible.

13   *Iqbal*, 556 U.S. at 678.

14        **D.        Claims for Relief**

15            **1.  Eighth Amendment -- Conditions of Confinement**

16        The Eighth Amendment protects prisoners from inhumane methods of punishment and

17   from inhumane conditions of confinement.  *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v.*

18   *Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Thus, no matter where they are housed, prison

19   officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing,

20   sanitation, medical care, and personal safety.  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir.

21   2000) (quotation marks and citations omitted).  To establish a violation of the Eighth

22   Amendment, the prisoner must "show that the officials acted with deliberate indifference. . . ."

23   *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v.*

24   *County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002).

25        The deliberate indifference standard involves both an objective and a subjective prong.

26   First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer* at 834.

27   Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate

28   health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).

4

Objectively, extreme deprivations are required to make out a conditions of confinement claim and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted). Temporarily unconstitutional conditions of confinement generally do not rise to the level of constitutional violations. *See Anderson v. County of Kern*, 45 F.3d 1310 (9th Cir. 1995) *ref Hoptowit v. Ray*, 682 F.2d 1237, 1258 (9th Cir. 1982) *(abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995) (in evaluating challenges to conditions of confinement, length of time the prisoner must go without basic human needs may be considered).

To be cognizable, temporary conditions of confinement must be severe or prolonged. Subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment. *See, e.g., Gee v. Estes,* 829 F.2d 1005, 1006 (10th Cir.1987) (Eighth Amendment claim established by allegations that prisoner was placed naked in a lice-infested cell with no blankets in below forty-degree temperatures, denied food or served dirty food, and left with his head in excrement while having a seizure); *McCray v. Burrell,* 516 F.2d 357, 366-69 (4th Cir.1974) (prisoner placed naked in bare, concrete, "mental observation" cell with excrement-encrusted pit toilet for 48 hours after he allegedly set fire to his cell; prisoner had no bedding, sink, washing facilities, or personal hygiene items, and he was not seen by a doctor until after he was released), *cert. denied,* 426 U.S. 471 (1976); *Gates v. Collier,* 501 F.2d 1291, 1302 (5th Cir.1974) (punishment of prisoner by confinement in small, dirty cell without light, hygienic materials, adequate food, heat; prisoner also was punished through administration of milk of magnesia); *LaReau v. MacDougall,* 473 F.2d 974, 978 (2d Cir.1972) (prisoner confined for five days in strip cell with only a pit toilet and without light, a sink, or other washing facilities), *cert. denied,* 414 U.S. 878 (1973).

Cook Sullivan's refusal to unlock the restroom for Plaintiff which caused him to defecate in a mop bucket was no doubt unpleasant and may have caused Plaintiff to experience pain via momentary abdominal cramps while holding in his bowel movement. However, at most, it amounted to a temporary condition which is not near severe enough to state a cognizable claim

1   under the Eighth Amendment.

2                          **2.  Due Process -- Inmate Appeals/Grievances**

3          Plaintiff appears to grieve the general processing and reviewing of inmate grievances by

4   PVSP personnel by asserting a "denial of right to address abuse, institutional coverup (sic) and

5   the condoning of such abuse."  The Due Process Clause protects prisoners from being deprived of

6   liberty without due process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  However, in

7   order to state a cause of action for deprivation of due process, a plaintiff must first establish the

8   existence of a liberty interest for which the protection is sought.  "States may under certain

9   circumstances create liberty interests which are protected by the Due Process Clause."  *Sandin v.*

10  *Conner*, 515 U.S. 472, 483-84 (1995).  Liberty interests created by state law are generally limited

11  to freedom from restraint which "imposes atypical and significant hardship on the inmate in

12  relation to the ordinary incidents of prison life."  *Id.*

13         "[I]nmates lack a separate constitutional entitlement to a specific prison grievance

14  procedure."  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in

15  processing of appeals because no entitlement to a specific grievance procedure), citing *Mann v.*

16  *Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  "[A prison] grievance procedure is a procedural right

17  only, it does not confer any substantive right upon the inmates."  *Azeez v. DeRobertis*, 568 F.

18  Supp. 8, 10 (N.D. Ill. 1982) *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see*

19  *also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure

20  confers no liberty interest on prisoner).  "Hence, it does not give rise to a protected liberty interest

21  requiring the procedural protections envisioned by the Fourteenth Amendment."  *Azeez v.*

22  *DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

23         Actions in reviewing prisoner's administrative appeal generally cannot serve as the basis

24  for liability under a § 1983 action.  *Buckley*, 997 F.2d at 495.  The argument that anyone who

25  knows about a violation of the Constitution, and fails to cure it, has violated the Constitution

26  himself is not correct.  "Only persons who cause or participate in the violations are responsible.

27  Ruling against a prisoner on an administrative complaint does not cause or contribute to the

28  violation."  *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir.2005) *accord George v. Smith*, 507

                                                  6

F.3d 605, 609-10 (7th Cir. 2007); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir.1996).  Thus, Plaintiff fails and is unable to state a cognizable claim for the general handling/mishandling of inmate grievances at PVSP.

### 3. Eleventh Amendment Immunity -- PVSP

Though, Plaintiff names PVSP as a defendant, he may not sustain an action against a state prison.  The Eleventh Amendment prohibits federal courts from hearing suits brought against an un-consenting state.  *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991); *see also Seminole Tribe of Fla. v. Florida*, 116 S.Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991).  The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant.  *See Natural Resources Defense Council v. California Dep't of Tranp.*, 96 F.3d 420, 421 (9th Cir. 1996); *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1989).  "Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens, as well as by citizens of other states."  *Brooks*, 951 F.2d at 1053 (citations omitted).  "The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief is legal or equitable in nature."  *Id.* (citation omitted).  Because PVSP is a part of the California Department of Corrections, which is a state agency, it is immune from suit under the Eleventh Amendment.

### 4. California Law

#### a. Negligence

Plaintiff states that the acts he complains of amounted to a "negligent disregard of the safety and welfare" of inmates at PVSP.  (Doc. 1, p. 5.)  "An action in negligence requires a showing that the defendant owed the plaintiff a legal duty, that the defendant breached the duty, and that the breach was a proximate or legal cause of injuries suffered by the plaintiff.

7

[Citations.]" *Regents of the Univ. of California v. Superior Court of Los Angeles Cty.*, 240 Cal. App. 4th 1296, 1310, 193 Cal. Rptr. 3d 447, 458 (2015), *reh'g denied* (Oct. 26, 2015) quoting *Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 673, 25 Cal.Rptr.2d 137, 863 P.2d 207 (*Ann M.*) [disapproved on another ground in *Reid v. Google, Inc*. (2010) 50 Cal.4th 512, 527, fn. 5, 113 Cal.Rptr.3d 327, 235 P.3d 988].)

"In order to establish liability on a negligence theory, a plaintiff must prove duty, breach, causation and damages.  The threshold element of a cause of action for negligence is the existence of a duty to use due care toward an interest of another that enjoys legal protection against unintentional invasion.  Whether this essential prerequisite to a negligence cause of action has been satisfied in a particular case is a question of law to be resolved by the court.  To say that someone owes another a duty of care is a shorthand statement of a conclusion, rather than an aid to analysis in itself.  [D]uty is not sacrosanct in itself, but only an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection.  [L]egal duties are not discoverable facts of nature, but merely conclusory expressions that, in cases of a particular type, liability should be imposed for damage done." *Los Angeles Memorial Coliseum Commission v. Insomaniac, Inc.* 233 Cal.App.4th 803, 908 (2015) (citations and quotations omitted).  Plaintiff fails to state any allegations upon which to establish the elements for a negligence claim.

### b.  California Tort Claims Act

However, even if Plaintiff had sufficiently alleged elements for a negligence claim, under the California Tort Claims Act ("CTCA"), set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board acted on the claim, or the time for doing so expired.  "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776 (1995).  The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if

appropriate, without the expense of litigation." *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974) (citations omitted).  Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official.  *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244 (2004).  Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action."  *Id*. at 1239 (fn.omitted).

To be timely, a claim must be presented to the VCGCB "not later than six months after the accrual of the cause of action."  Cal. Govt.Code § 911.2.  Thereafter, "any suit brought against a public entity" must be commenced no more than six months after the public entity rejects the claim.  Cal. Gov. Code, § 945.6, subd. (a)(1).

Federal courts must require compliance with the CTCA for pendant state law claims that seek damages against state employees or entities.  *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir.1995).  State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the applicable requirements.  *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008).  Plaintiff fails to state any allegations to show compliance with the CTCA upon which to proceed on negligence claims under California law.

### c. Supplemental Jurisdiction

Finally, pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).  "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary."  *Acri v. Varian Assoc., Inc*., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the

1   district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. §

2   1367(c)(3); *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013); *Herman*

3   *Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001); *see also Watison v.*

4   *Carter*, 668 F.3d 1108, 1117-18 (9th Cir. 2012) (even in the presence of cognizable federal

5   claim, district court has discretion to decline supplemental jurisdiction over novel or complex

6   issue of state law of whether criminal statutes give rise to civil liability).  The Supreme Court has

7   cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be

8   dismissed as well."  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

9       Thus, even if Plaintiff has complied with the CTCA, jurisdiction over his claims under

10   California law should not be exercised since Plaintiff fails and is unable to state a cognizable

11   claim under § 1983 upon which to proceed in this Court.[3]

12       **<u>CONCLUSION</u>**

13       Plaintiff fails to state a cognizable claim against any of the named Defendants, and given

14   the tenor of his allegations, he is unable to do so.  Plaintiff need not be granted leave to amend as

15   the defects in his pleading are not capable of being cured through amendment absent fabrication.

16   *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

17       Based on the foregoing, the Court **ORDERS** that the order to show cause is

18   **DISCHARGED**, and Plaintiff's motion to dismiss the order to show cause, filed on December

19   27, 2016 (Doc. 9), is **MOOT**.

20       Also based on the foregoing, the Court **RECOMMENDS** that this action be dismissed

21   without leave to amend.

22       These Findings and Recommendations will be submitted to the United States District

23   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within 21**

24   **days** after being served with these Findings and Recommendations, Plaintiff may file written

25   objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

26   Findings and Recommendations."

27

28   _____

[3] Plaintiff is not prohibited from pursuing an action on his allegations against Cook Sullivan in state court.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __December 29, 2016__              _____ **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE